IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| OMAHA STANDING BEAR POINTE, L.L.C., ) | |
| a Nebraska limited liability company, ) | |
| ) | CASE NO. BK10-81413-TJM |
| Debtor(s). ) | A10-8040-TJM |
| OMAHA STANDING BEAR POINTE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | CHAPTER 11 |
| ) | |
| vs. ) | |
| ) | |
| REW MATERIALS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 18). No resistance was filed. David Grant Hicks represents the debtor, and Joseph C. Byam represents the defendant. A brief was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The debtor filed this adversary proceeding to ascertain the validity, extent, and priority of liens or other interests in its real property. The debtor held title to a 12-unit residential building purportedly subject to three construction liens. One of the defendants assigned its lien to Great Western Bank, which subsequently released the lien. Default judgment was entered against another defendant. The property was sold in December 2010 free and clear of liens, with the proceeds going to pay off Wells Fargo Bank's lien. The debtor now moves for summary judgment against the sole remaining defendant, arguing that no genuine issue of material fact remains to be decided. The defendant has not responded to the motion.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004). To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to

designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

For purposes of this motion, the following facts are uncontroverted:

1. The debtor filed its Chapter 11 bankruptcy petition on May 12, 2010.

2. The debtor's only asset was a parcel of real estate commonly known as 14255-14272 Ellison Avenue in Omaha, Nebraska, and legally described as Unit 1, the Master Condominium at Standing Bear Pointe, a condominium organized and existing under the laws of the State of Nebraska, in Douglas County, Nebraska.

3. Wells Fargo Bank was the senior lien holder on the property, with a claim exceeding the property's value.

4. The claims of the three defendants to this lawsuit were scheduled as unsecured and disputed.

5. Defendant REW Materials filed a proof of claim for a construction lien of $17,011.79.

6. The debtor filed this adversary proceeding on July 8, 2010.

7. The stipulation between the debtor and Wells Fargo Bank of terms and conditions for the sale of the real estate out of the ordinary course of business free and clear of liens was approved on December 9, 2010.

8. The property was sold to SB Townhomes, LLC, for $1,535,000.00, with the proceeds paid directly to Wells Fargo Bank.

9. Mary Antanelis is a member and principal of the debtor as well as SB Townhomes.

10. The debtor's motion for a structured dismissal of the case was granted on March 11, 2011.

The defendant has not put any factual dispute at issue here. There is no evidence of the defendant's construction lien or other interest in this property. Accordingly, the debtor is entitled to summary judgment as a matter of law.

      IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 18) is granted. Separate judgment will be entered.

      DATED:      March 17, 2011

                                    BY THE COURT:

                                    /s/ Timothy J. Mahoney
                                  United States Bankruptcy Judge

Notice given by the Court to:
    *David Grant Hicks
    Joseph C. Byam
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.